UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIPLEX CONSTRUCTION, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | No.:<br><br>NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. Section 1441 and 1446, Defendant Ohio Security Insurance Company ("Ohio") submits this Notice of Removal.

## I. PROCEDURAL POSTURE

1.  On September 7, 2021, Plaintiff Uniplex Construction, LLC ("Uniplex") filed a Complaint for Declaratory Relief and Monetary Damages in Washington State Superior Court in and for King County as Case No. 21-2-11825-5 SEA (the "State Court Action"). Uniplex served Ohio with a copy of the Summons and Complaint via the Washington State Insurance Commissioner on September 22, 2021. Copies of the summons and complaint are attached to this notice.

NOTICE OF REMOVAL
NO.:
PAGE 1
**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

## II. GROUNDS FOR REMOVAL

2.    Removal is proper because the State Court Action is one over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

3.    Complete diversity exists because Plaintiff and Ohio are not citizens of the same state.

4.    Plaintiff is a Washington Limited Liability Company whose members reside in, and are domiciled in, in the State of Washington. Plaintiff is therefore a citizen of the state of Washington.

5.    Ohio is a company organized under the laws of the State of New Hampshire with its principal place of business located at 175 Berkeley St., Boston, Massachusetts 02116. Ohio is therefore a citizen of the states of New Hampshire and Massachusetts.

6.    The amount in controversy requirement is satisfied because Ohio has a good faith basis to believe Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. A notice of removal may assert the amount in controversy if the initial pleading in the state court action does not demand a specific sum. 28 U.S.C. § 1446(c)(2)(a). The defendant need only allege a "short and plain statement" supporting the amount-in-controversy and this allegation is accepted when not contested. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

7.    Plaintiff's Complaint in the State Court Action does not demand a specific sum. The State Court Action is a dispute regarding liability coverage under a commercial general liability policy issued by Ohio. Plaintiff claims that it is entitled to defense and indemnity coverage with respect to an underlying state court lawsuit, *Laura Koutsky, et al. v. Uniplex Construction, LLC*, Washington State Superior Court, King County, No. 21-2-07737-1 SEA (the "Underlying Action"). In the Complaint, Plaintiff alleges that the amount in controversy "may or may not exceed $75,000, depending upon events which may occur in connection with the prosecution and defense of the [Underlying Action]…."

8. In the Underlying Action, homeowners Laura Koutsky and Fred Forster filed suit against Plaintiff for alleged defects in the construction of a deck. Although Plaintiff provided a copy of the complaint in the Underlying Action to Ohio, that complaint did not specify the amount of damages resulting from the alleged defects. Nor did any of the other documents submitted by Plaintiff to Ohio in connection with its request for insurance coverage.

9. In order to determine the amount in controversy, Ohio served Plaintiff with discovery requests in the State Court Action on November 3, 2021. The deadline to respond to those requests is December 3, 2021. In the interim, however, Plaintiff informed Ohio of a mediation scheduled in the Underlying Action and requested Ohio's participation in the mediation. In connection with that request, Plaintiff produced to Ohio certain documents which Ohio had requested in its discovery requests and which Plaintiff acknowledged were responsive to Ohio's discovery requests, including the project file for the construction project at issue in the Underlying Action. Ohio first received these documents on November 24, 2021.

10. Plaintiff's document production reveals that Ms. Koutsky and Mr. Forster are seeking at least $92,200 in the Underlying Action. This is the amount Koutsky and Forster allege it will cost to repair the alleged construction defects. By virtue of its claim that Ohio had and breached a duty to indemnify Plaintiff for the amount of the damage, Plaintiff is necessarily seeking damages in excess of $92,200 based on its indemnity claim alone.

11. In addition, Plaintiff's Complaint in the State Court Action alleges that Ohio breached a duty to defend Plaintiff in the Underlying Action. Plaintiff does not specify the amount of damages it claims to have sustained as a result of Ohio's alleged failure. While Ohio denies that any such claim has merit, Ohio notes, solely for jurisdictional purposes, that Plaintiff's allegation that Ohio breached its duty to defend further increases the amount in controversy beyond the $92,200 at issue with respect to Plaintiff's indemnity claim.

12. In addition to these contractual claims, Plaintiff's Complaint in the State Court Action separately seeks damages under various extra-contractual theories of liability,

including under the Washington Consumer Protection Act and common law negligence. In addition, Plaintiff also purports to reserve the right to assert a cause of action under the Insurance Fair Conduct Act ("IFCA").

13. Accordingly, based on the value of the underlying claim for which Plaintiff seeks defense and indemnification and Plaintiff's various extra-contractual claims, the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III.  TIMELINESS OF REMOVAL

14. This Notice of Removal is timely because it is filed within 30 days after Ohio received information indicating that the amount in controversy exceeds $75,000. The removal statutes provide that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3).

15. This matter was not removable based on the initial pleadings or information available to Ohio at the time. As noted above, the complaint in the State Court Action did not allege the amount in controversy, and specifically stated that it "may or may not" exceed $75,000. Ohio considered the allegations in the Underlying Action and documents within its possession, but none indicated whether or not the amount in controversy would exceed the jurisdictional threshold.

16. On November 3, 2021, Ohio served Plaintiff with its First Interrogatories and Requests for Production. Those requests sought information necessary to establish the amount of Plaintiff's alleged damages, including the following:

> **INTERROGATORY NO. 2**: Identify each and every item and amount of damages you claim in this lawsuit to have sustained as a result of Ohio's alleged breach of contract.

NOTICE OF REMOVAL NO.:
PAGE 4
Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

17. On November 24, 2021, Uniplex produced its project file for the construction project at issue in the Underlying Action. That project file contains an estimate indicating that it would cost $92,200 to repair the alleged defects in the deck.

18. By virtue of 28 U.S.C. 1446(c)(3), the removal statutes make clear that information provided in response to discovery constitutes an "other paper" for purposes of 28 U.S.C. 1446(b)(3). Having filed this Notice of Removal within 30 days after receiving documents in response to Ohio's discovery requests, Ohio's Notice of Removal is timely.

## IV. VENUE AND INTRADISTRICT ASSIGNMENT

19. Venue is proper in the United States District Court for the Western District of Washington based on 28 U.S.C. § 1441(a) because this is the district embracing the place where the State Court Action is captioned.

20. Assignment is proper to the Seattle Division because the state court action was filed in King County, Washington.

## V. STATE COURT PLEADINGS

21. In accordance with 28 U.S.C. §1446(a) and LCR 101, true and correct copies of the process, pleadings, and orders, as well as all additional records and proceedings in the State Court Action accompany this Notice of Removal.

22. In accordance with 28 U.S.C. § 1446(d), Ohio will file a Notice to Plaintiff and State Court Clerk in King County Superior Court of Removal to the U.S. District Court, attached to which will be a copy of this Notice.

//

//

//

DATED: December 1, 2021

BULLIVANT HOUSER BAILEY PC

By */s/ Michael A. Guadagno*
Michael A. Guadagno, WSBA #34633
E-mail: michael.guadagno@bullivant.com

By */s/ Jared F. Kiess*
Jared F. Kiess, WSBA #54532
E-mail: jared.kiess@bullivant.com

Attorneys for Defendant Ohio Security Insurance Company

4856-2167-9108.1

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF e-filing system which will send notification of such filing to the persons listed below:

Richard T. Beal, Jr.
James J. Grossman
ASHBAUGH BEAL LLP
701 Fifth Avenue, Suite 4400
Seattle, WA 98104
rbeal@ashbaughbeal.com
JGrossman@ashbaughbeal.com
CBrugalette@ashbaughbeal.com

☐ via hand delivery.
☐ via first class mail.
☐ via email
☒ CM/ECF E-service

*Attorneys for Plaintiff*

Dated:  December 1, 2021.

*/s/ Kristin Anderson*
Kristin Anderson, Legal Assistant