IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| UNIPLEX CONSTRUCTION, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY; a foreign corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND MONETARY DAMAGES |

## I. PARTIES

1. Plaintiff Uniplex Construction, LLC ("Uniplex") is a Washington Limited Liability Company, which at all relevant times hereto is and has been a citizen of the state of Washington, maintaining its principal place of business in King County.

2. Defendant Ohio Security Insurance Company ("Liberty Mutual") is not a citizen of the State of Washington, and is believed to maintain home offices at 175 Berkeley Street Boston, MA 02116. Liberty Mutual does business in the state of Washington, and more specifically, in King County, insuring risks here, and conducting transactions here, as defined in RCW 48.01.020 and 48.01.060. The amount in dispute, exclusive of attorney's fees and costs, may or may not exceed $75,000, depending upon events which may occur in connection with the prosecution and defense of the underlying claims as more fully described herein.

COMPLAINT - 1

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

## II.   JURISDICTION AND VENUE

3. Liberty Mutual insured plaintiff pursuant to at least two separate contracts of liability insurance. Certificates of insurance were issued to plaintiff in King County, and the underlying claim and suit which gives rise to this dispute also took place in King County. At all pertinent times hereto, Liberty Mutual did business in King County and is subject to suit here.

## III.   FACTUAL ALLEGATIONS

4. Uniplex entered into a contract with homeowners Laura Koutsky and Fred Forster ("Underlying Claimants") for residential construction at their residence in Seattle. The Underlying Claimants submitted a claim for damages allegedly arising out of the construction, relating to, among other allegations, damage to or arising out of work by multiple subcontractors, which was composite work consisting of component work by various subcontractors, including Liberty Mutual Named Insureds Two Blue Mules, LLC (Two Blue Mules) and Zuber Polymers LLC (Zuber). The damage alleged by the Underlying Claimants occurred after the Work had been put to its intended use.

5. On July 12, 2021, Uniplex made a New Claim for Insurance Benefits to Liberty Mutual as an additional insured under policies delivered to Two Blue Mules and to Zuber.

6. Pursuant to WAC 284-30-360 and WAC 284-30-330, Liberty Mutual was required to acknowledge the claim for benefits by Uniplex. Liberty Mutual wrongfully failed to acknowledge the claim or tender of defense.

7. Pursuant to WAC 284-30-370, WAC 284-30-320 (11) and WAC 284-30-330(4), Liberty Mutual was required to conduct a timely investigation into the claim of Uniplex. Based on the eight corners of the policy and the suit filed by the Underlying

COMPLAINT - 2

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

Claimants, Liberty Mutual owed a duty to defend under both of the policies issued to Two Blue Mules and to Zuber Polymers. Liberty Mutual unreasonably breached each of those two policies by failing to investigate the tender of defense, and by failing to investigate and evaluate the underlying claims. Liberty Mutual additionally failed to communicate the results of its investigation and evaluation to Uniplex.

8. Liberty Mutual's unreasonable breaches of its duty to defend Uniplex gave rise to a legal presumption of harm, causing the "almost impossible burden" to disprove that its actions harmed Uniplex to shift to Liberty Mutual. In fact, Uniplex *has* been harmed by Liberty Mutual's unreasonable failure to investigate the claim of Uniplex for liability insurance benefits and by its unreasonable failure to conduct an investigation or evaluation of the underlying case. Uniplex has had to incur its own costs of investigation and defense of the underlying case through the law firm of Clement and Drotz. It has had to incur the cost of investigation Liberty Mutual was bound to conduct and failed to conduct. Due to Liberty Mutual's failure to investigate, Uniplex did not have Liberty Mutual's investigation to assist it in determining the proper amount of the offer of judgment in a case where the attorney fee claim of the underlying claimants goes up each day their attorney works on the case. Uniplex has accordingly been harmed by the failure of Liberty Mutual to make any attempt to evaluate the underlying case for settlement or to make appropriate amounts of policy benefits available for the settlement of the Underlying Claims.

9. Uniplex has suffered harm as a result of the conduct described herein and has/will continue to suffer monetary damages in an amount to be proven at trial.

**FIRST CAUSE OF ACTION—Breach of Contract**

10. Uniplex realleges paragraphs 1-9 as though fully set forth herein.

11. Liberty Mutual's conduct as described in paragraphs 1-9 and in its IFCA notice dated June 30, 2021 constitutes an unreasonable and breach of Liberty Mutual's insurance contracts insuring Uniplex as an additional insured.

12. As a result of these breaches, Liberty Mutual no longer has the right to insist on compliance by Uniplex of any policy condition, including but not limited to its policy language regarding appointment of counsel.

13. Uniplex has been damaged in an amount to be proven at trial including but not limited to costs incurred in defending the underlying suit.

**SECOND CAUSE OF ACTION—Declaratory Judgment**

14. Uniplex realleges paragraphs 1-3 as though fully set forth herein.

15. There is a clear and present dispute between Uniplex and Liberty Mutual concerning the respective rights and obligations between the two, rising to the level of a justiciable controversy. Uniplex seeks a declaration of the respective rights and obligations of Uniplex and Liberty Mutual under the insurance contracts, and under statutes and regulations including RCW 48.01.030; WAC 2845-30-320(11); WAC 284-30-330(4); WAC 284-30-370; WAC 284-30-330(13); WAC 284-30-330(1) and specifically, whether or not Uniplex is legally bound to continue to comply with policy conditions notwithstanding the unreasonable and material breaches of Liberty Mutual's statutory, regulatory and policy obligations pled herein. Uniplex specifically seeks a declaration that Liberty Mutual is in unreasonable breach of its policy and its duties of good faith dealing, that its contractual and/or equitable subrogation/contribution rights are accordingly barred by its unclean hands, and that Liberty Mutual no longer has the right to enforce any of its policy conditions. Uniplex further seeks

COMPLAINT - 4

a declaratory judgment that it is entitled to recover the costs of its defense currently being incurred through the Clement Drotz law firm.

**THIRD CAUSE OF ACTION—Violation of Washington Consumer Protection Act**

16. Uniplex realleges paragraphs 1-33 as though fully set forth herein.

17. Liberty Mutual's acts and omissions were committed in the course of trade and commerce toward plaintiff, constitute an insurance transaction within the meaning of RCW 48.01.020 and .060, and are subject to RCW Chapter 48 and RCW 19.86.

18. Each of Liberty Mutual's acts and omissions pled herein are per se unfair and deceptive acts or practices or are otherwise prohibited pursuant to RCW 19.86.020 and/or had the capacity to deceive plaintiff that defendant would act fairly, impartially, and in compliance with the honesty and equity requirements of RCW 48.01.030, or indeed would act at all.

19. Each of the acts or omissions described herein impacts the public interest as declared in RCW 48.01.030.

20. The acts and omissions described herein have caused injury/damage to plaintiff. Each act defined in WAC 284-30-320(11) that Liberty Mutual failed or refused to conduct and/or failed to disclose to the plaintiff, and or performed in a manner which put its own interests (and/or those of its Named Insureds) ahead of those of Uniplex, has caused damage to plaintiff.

21. Liberty Mutual's violations of the Consumer Protection Act have damaged plaintiff in an amount to be proved at trial.

22. Each violation of the Consumer Protection Act by Liberty Mutual is subject to trebling up to the statutory limit.

**FOURTH CAUSE OF ACTION—Negligence**

23. Uniplex realleges paragraphs 1-22 as though fully set forth herein.

24. The conduct of Liberty Mutual as described herein constitutes a breach of the standard of reasonable care applicable to insurers.

25. As a proximate result of Liberty Mutual's negligence, Uniplex has been damaged in an amount to be proven at trial.

**RESERVATION TO ASSERT CLAIM UNDER INSURANCE FAIR CONDUCT ACT**

26. Contemporaneously with the filing of this suit, Uniplex is serving its Notice of Claim pursuant to RCW 48.30.015 (8), and accordingly reserves the right to amend this complaint to assert a claim under the Insurance Fair Conduct Act at the conclusion of the statutory period.

**PRAYER FOR RELIEF**

WHEREFORE, having set forth its complaint against defendants, plaintiff prays for relief as follows:

1. For monetary damages against Liberty Mutual in an amount to be proved at trial, including treble damages in the full amount allowed by statutes;

2. For declaratory relief as specifically pled for above.

3. For its attorneys' fees and other costs pursuant to *Olympic Steamship v. Centennial Insurance*, *Panorama Village v. Allstate*, and other applicable statutory law, common law, or recognized ground in equity;

4. For relief which may be subsequently sought by amendment; and

5. For such other and further relief as the court may deem just and equitable.

COMPLAINT - 6

DATED: September 7, 2021.

                          ASHBAUGH BEAL LLP

                       By:  *s/ Richard T. Beal, Jr.*
                              Richard T. Beal, Jr. WSBA #9203
                              rbeal@ashbaughbeal.com
                              *Attorneys for Plaintiff*